FILED '07 NOV 29 14:54 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARBARA A. PARMENTER,
et al.,

                Plaintiff,            07-6259-TC

                v.                    ORDER

TIMOTHY J. YEAGER, et al.,

                Defendants.

COFFIN, Magistrate Judge.

Plaintiff pro se filed a Complaint (#1) on September 17, 2007, a First Amended Complaint (#2) on October 12, 2007, and a "Third Amended Complaint" (#4) on November 14, 2007. Also on November 14, 2007, plaintiff filed a Motion for Temporary Restraining Order (#5), and on November 20, 2007, plaintiff

1 - ORDER

filed a Request for Expedited Oral Argument (#7) on the motion for preliminary injunctive relief. None of these documents have been properly served on defendants.

Plaintiff filed a "Certificate of Service" (#6) as to the Third Amended Complaint and the Motion for Temporary Restraining Order. However, no summons has been issued in this case so plaintiff's attempted service was not effective. Consequently, none of the defendants are properly before the court.

Although it is not appropriate for the court to give plaintiff legal advice, plaintiff is referred to Fed. R. Civ. P. 4, regarding service of process in federal courts. The relevant provisions of Rule 4 are attached to this order as a courtesy to plaintiff.

Plaintiff is also advised Federal Rule 4(m) provides in relevant part that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court shall ... dismiss the action without prejudice as to that defendant direct that service be effected within a specified time."

Based on the foregoing, plaintiff's Motion for Temporary Restraining Order (#5) and Request for Expedited Oral Argument

2 - ORDER

(#7) are denied as premature, without prejudice to seek

reconsideration after the defendants have been properly served

as discussed above.

    IT IS SO ORDERED

    DATED this 24 day of November, 2007.

_____
Thomas M. Coffin
United States District Judge

3 - ORDER

**Rule 3**                    RULES OF CIVIL PROCEDURE

affecting substantive rights, to vary the operation of statutes of limitations. The requirement of rule 4(a) that the clerk shall forthwith issue the summons and deliver it to the marshal for service will reduce the chances of such a question arising.

### 2007 Amendments

*[Effective December 1, 2007,*
*absent contrary Congressional action.]*

The caption of Rule 3 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

## Rule 4.   Summons

(a) **Form.** The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff. It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint. The court may allow a summons to be amended.

(b) **Issuance.** Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served.

(c) **Service with Complaint; by Whom Made.**

(1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

(2) Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or is authorized to proceed as a seaman under 28 U.S.C. § 1916.

(d) **Waiver of Service; Duty to Save Costs of Service; Request to Waive.**

(1) A defendant who waives service of a summons does not thereby waive any objection to the

venue or to the jurisdiction of the court over the person of the defendant.

(2) An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request

(A) shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h);

(B) shall be dispatched through first-class mail or other reliable means;

(C) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed;

(D) shall inform the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the request;

(E) shall set forth the date on which the request is sent;

(F) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and

(G) shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

(3) A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent, or 90 days after that date if the defendant was addressed outside any judicial district of the United States.

(4) When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required.

(5)
paragr
waive
subsec
subdiv
includi
requir

(e) **Se**
**District**
provided
from wh
other tha
effected

(1)
district
effecte
defend
genera

(2) t
the con
leaving
house
suitable
by deli
compla
by law

(f) **Ser**
try. Unl
vice upon
been obt
incomplete
within any

(1) b
ably cal
authoriz
**Abroad**

(2) if
default
service
allows o
is reason

(A)
foreig
action
or

(B)
respo
or

(C)
countr
(i
cop
(i
ceip
cler

(3) by
al agree

COMMENCEMENT OF ACTION, ETC.                    **Rule 4**

(5) The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

**(e) Service Upon Individuals Within a Judicial District of the United States.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

**(f) Service Upon Individuals in a Foreign Country.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

(A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

(B) as directed by the foreign authority in response to a letter rogatory or letter of request; or

(C) unless prohibited by the law of the foreign country, by

(i) delivery to the individual personally of a copy of the summons and the complaint; or

(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

(3) by other means not prohibited by international agreement as may be directed by the court.

**(g) Service Upon Infants and Incompetent Persons.** Service upon an infant or an incompetent person in a judicial district of the United States shall be effected in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state. Service upon an infant or an incompetent person in a place not within any judicial district of the United States shall be effected in the manner prescribed by paragraph (2)(A) or (2)(B) of subdivision (f) or by such means as the court may direct.

**(h) Service Upon Corporations and Associations.** Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or

(2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof.

**(i) Serving the United States, Its Agencies, Corporations, Officers, or Employees.**

(1) Service upon the United States shall be effected

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.