.                                                      .

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARBARA K. PARMENTER,

        Plaintiff,        6:07-cv-6259-TC

        v.              FINDINGS AND
                      RECOMMENDATION

TIMOTHY J. YEAGER, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff's Fifth Amended Complaint alleges claims against defendant United States as follows: 1.) Plaintiff's First Claim for Relief seeks to have the court declare that plaintiff is the sole owner in fee simple absolute to the lot and to its riparian property rights in lot 38 West Lakeview lakefront properties in Lowell, Oregon, 2.) Plaintiff Second claim for relief requests the court to "enjoin the Corps to

1 - FINDINGS AND RECOMMENDATION

use its enforcement authority over United States Waters to cause defendant Yeager to remove his dock in its entirety from the shoreline and waters of Dexter Lake.    Fifth Amended Complaint (#53) p. 4-5.[1] Plaintiff's Fifth Claim request a declaration that defendant Yeager's dock is an unpermitted trespass upon plaintiff's riparian property rights and an unpermitted obstruction of the shoreline and waters of Dexter Lake, a violation of Federal Law, and within the authority of the Corps to enforce its removal entirely." Id., p. 6.

Defendant United States Corp of Army Engineers [the "United States"] now moves for summary judgment (#125). Plaintiff has not filed a response.

The undisputed facts relevant to the issues raised in defendant's motion are as follows: On Dexter Lake there is a strip of public land running between each of the lakefront parcels and the lake itself.    Shoreline use permits are available to persons with private property contiguous to public lands, or persons with a legal right of access to public lands. 36 C.F.R. § 327.30(d)(6).

In November, 1999, plaintiff received a shoreline use permit for a Dock DX-13 adjacent to her property bordering the lake.

_____

[1]Fifth Amended Complaint (#53) Plaintiff's remaining claims are not directed towards or relevant to defendant U.S. Corp of Army Engineers.

The rights alleged in plaintiff's complaint arise from plaintiff's ownership of her residential lot and the associated shoreline use permit for Dock DX-13.

On November 22, 2011, the residential lot owned by plaintiff was sold at public auction to Mr. William R. Morris through his company Sasquatch Properties. (#125-3) Bishop Declaration, p. 2.

Once an individual no longer owns property on the lake, that person no longer has the right to maintain a dock. In January, 2012, the Army Corp issued Mr. Morris a shoreline use permit for Dock DX-13 - the dock associated with the property previously owned by plaintiff.  Id.

Since plaintiff no longer owns the property referenced in her complaint, the relief sought against defendant Army Corp of Engineers is moot.  Shoreline use permits at Dexter Lake are reserved for persons with private property contiguous to public lands, or to persons with a legal right of access to those lands. Once a person no longer owns property on the lake, that person no longer has a right to maintain a dock on the lake.  Since plaintiff no longer has a right to maintain a dock on Dexter Lake, defendant Army Corp of Engineers is entitled to judgment as a matter of law with respect to plaintiff's claims for declaratory and injunctive relief.

Assuming for the sake of argument that plaintiff could

establish some legal right associated with her former
ownership of Dexter Lake shoreline property, plaintiff has
failed to identify a waiver of the United States' sovereign
immunity.  Therefore, this court is without jurisdiction over
plaintiff's claims against the United States.

It is well established that in order to proceed against
the United States (or an agency thereof), there must be a
waiver of sovereign immunity. *See*, <u>Federal Deposit Insurance</u>
<u>Corp. V. Meyer</u>, 510 U.S. 471, 475 (1994); <u>Rattlesnake Coal v.</u>
<u>U.S. Environmental Protection Agency</u>, 509 F.3d 1095, 1103 (9th
Cir. 2007). When the United States has not waived its immunity
and consented to suit, an action must be dismissed for lack of
subject matter jurisdiction. <u>Elias v. Connett</u>, 908 F.2d 521,
527 (9th Cir. 1990).  If the plaintiff does not identify a
valid waiver of sovereign immunity, dismissal for lack of
subject matter jurisdiction is proper. <u>Coos County Bd. Of</u>
<u>Commissioners v. Kempthorne</u>, 531 F.3d 792, 802-803 (9th Cir.
2008).

In this case, plaintiff alleges "federal questions
pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12132." Fifth
Amended Complaint (#53) p. 1.  The cited statutes do not
provide a waiver of sovereign immunity regarding the United
States.  28 U.S.C. § 1331 provides only that "[t]he district
courts shall have original jurisdiction of all civil actions

4 - FINDINGS AND RECOMMENDATION

arising under the Constitution, laws, or treaties of the United States." This provision does not unequivocally waive the immunity of the united States from suit or authorized suits against the United States for either money damages or injunctive relief. *See*, <u>Roseberry-Andrews v. Wynne</u>, 503 F.Supp.2d 339, 342 (D.C. Cir. 2007).

42 U.S.C. § 12132 has to do with discrimination under the Americans with Disabilities Act (ADA). Plaintiff's ADA claim concerns state court proceedings and is not asserted against the United States.[2]

Because plaintiff has not identified any waiver of the United States' sovereign immunity which would entitle her to proceed against the United States concerning her claims in this case, the court is without subject matter jurisdiction and defendant United States is entitled to judgment as a matter of law.

Because the mootness and jurisdictional issues are dispositive of plaintiff claims against defendant Army Corp of Engineers, it is not necessary to address the other issues discussed in defendant's brief.

There are no genuine issues of material fact remaining as to plaintiff's claims against the United States. The undisputed facts establish that defendant United States is

---

[2]The Sate of Oregon defendants have previously been dismissed.

5 - FINDINGS AND RECOMMENDATION

entitled to judgment as a matter of law.  Defendant United States' Motion for Summary Judgment (#125) should be allowed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal from an order adopting this Finding and Recommendation or Judgment of Dismissal of this case would be frivoloous and not taken in good faith.*

DATED this __6__ day of June, 2012.

Thomas M. Coffin
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION